

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 11, 2019

**VIA ECF**
The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

    **Re:** *United States v. Ademola Adebogun*, **19 Cr. 291-9 (LAP)**

Dear Judge Preska:

    The Government writes to oppose the application for a modification of bail conditions that would allow defendant Ademola Adebogun to travel to Nigeria and be excused from the next scheduled conference in this matter. For the reasons outlined below, the Government opposes the defendant's request.

    **I.**    **Background**

    The defendant is a dual U.S. and Nigerian citizen who has traveled internationally on several occasions during the last five years, using both United States and Nigerian passports.

    On April 23, 2019, a grand jury convened in this District returned an initial, sealed indictment numbered 19 Cr. 291 (LAP), charging nine defendants, including the defendant, with wire fraud conspiracy, in violation of 18 U.S.C. § 1349.

    Two days later, on April 25, 2019, the defendant was arrested pursuant to an arrest warrant issued upon the original indictment, and he was presented in this District. The defendant was released from custody that day upon an agreed-upon bail package that included the following conditions: a $200,000 personal recognizance bond to be co-signed by two financially responsible persons; travel restricted to the Eastern District of New York and Southern District of New York; pretrial supervision as directed; a commitment to seek or maintain verifiable employment; surrender of travel documents and no new applications for travel documents; and no contact with co-defendants outside the presence of counsel. (ECF No. 16.)

    An initial conference was held on May 8, 2019. Since then, two superseding indictments have been returned that have collectively added two defendants to the original wire fraud conspiracy and one count of aggravated identity theft against two of Adebogun's co-defendants. (ECF Nos. 52 and 106.) The next status conference in this matter is scheduled for January 8, 2020.

At present, the Government estimates the total loss attributable to the conspiracy to be in excess of $3.5 million.

## II.   Discussion

The Court should deny the defendant's request.  Title 18, United States Code, Section 1342(g) requires the Court to consider whether conditions of release would "reasonably assure" the defendant's appearance in Court.  For the reasons explained below, the agreed-upon bail package—which does not allow for international travel—reasonably assures the defendant's appearance.  Amending those conditions to grant the defendant's foreign travel request poses an unreasonable risk of the defendant fleeing to avoid the charges pending against him.

*First*, the weight of the evidence against the defendant is strong and his sentencing exposure is substantial.  Bank records, call records, and contemporaneous text message chats sent and received by the defendant and his co-conspirators establish the defendant had a substantial role in the conspiracy.  The chats in particular show the defendant had vast knowledge of the inner-workings of the scam, and that he assisted co-conspirators take steps to conceal their criminal conduct from banks, including the acquisition of fake business documents.  For his conduct, the maximum sentence the defendant faces is 20 years' imprisonment, and the Government estimates his applicable Guidelines range for a conviction at trial is 70-87 months' imprisonment.  In short, "[b]ecause the evidence of guilt is strong, it provides [the charged defendant] with an incentive to flee."  *United States v. Berkun*, 392 F. App'x 901, 903 (2d Cir. 2010); *United States v. Bellomo*, 944 F. Supp. 1160, 1164 (S.D.N.Y. 1996) (denying pretrial release in part because "a defendant facing serious potential penalties in the event of conviction is more likely to disappear if the government's case is strong than if an acquittal appears likely").

*Second*, assuming the Court credits the defendant's assertion regarding the scope of his intended activities in Nigeria, those activities do not present compelling circumstances that may otherwise outweigh his risk of non-appearance or assure his return to the United States.  For example, the defendant is not seeking permission to travel abroad for a singular and unplanned event, as he did in July 2019 when the Government consented to the defendant's travel to Nigeria for his father's memorial service.  Instead, the defendant explicitly seeks the Court's permission to travel abroad for the purpose of *strengthening* his ties to Nigeria—specifically, the Nigerian entertainment and party promoting market—so that he can reap a profit by traveling to Nigeria to host and promote a New Year's Eve party he has presumably had planned for several months.  Permitting the defendant to travel in order to strengthen his standing and business relationships in Nigeria would undermine the basis for his pre-trial release.  The parties' agreed-upon bail package in this matter was premised on the assumption the defendant would remain within the United States absent unique circumstances, such as a memorial service for a close family member, and no such circumstances are present here.

*Third*, the defendant has not proffered substantial ties to the United States that would reasonably ensure his appearance in this District should he remain in Nigeria indefinitely.  As noted above, the defendant is a Nigerian citizen.  He has previously traveled using a Nigerian passport.  The parties agreed at the defendant's presentment to a bail condition requiring the defendant to surrender his passports and not make any new applications for travel documents.

Allowing the defendant to travel to Nigeria would negate that condition. It would return the defendant's travel documents to him and present him with the opportunity to obtain international travel documents from Nigerian authorities (or other, non-U.S. authorities) without the knowledge of the Court's pretrial services.

For all the reasons enumerated above, the Government requests that the Court deny the defendant's motion requesting permission for foreign travel and to be excused from the next Court conference.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

by: /s/
Daniel H. Wolf
Assistant United States Attorney
(212) 637-2337

cc:   Andrew Kessler-Cleary (by Email)
      Pretrial Services Officer