UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>-against-<br>ADEMOLA ADEBOGUN,<br>Defendant. | 19 Cr. 291 (LAP)<br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of Defendant Ademola Adebogun's pro se motions to stay his surrender pending appeal, Dkt. 886, and proceed in forma pauperis on appeal, Dkt. 885. Adebogun claims he will challenge the procedural and substantive reasonableness of the sentence that the Court imposed, at the Government and Probation's recommendation, of 12 months imprisonment for Adebogun's violations. To that end, Adebogun argues that the Court "improperly considered retributive factors or unproven allegations" in imposing the sentence. Dkt. 886 at 1.

Adebogun's argument has no basis in the record. On the contrary, the Court stated that it imposed the sentence based on "the nature and circumstances of the offense, history and characteristics of the supervisee, the need for deterrence, and the need to protect the public from further crimes of this defendant." Tr. 9:2-5.[1] The Court further found that Adebogun's

[1] Transcript citations refer to the October 5, 2026 sentencing.

violations constituted a "serious breach of trust with the Court" given that Adebogun has concealed his finances from Probation and evaded restitution obligations to the victims of his fraud. Tr. 9:18-19. Independently, the Court noted that Adebogun had committed yet another state crime in assaulting the mother of his own children, after which Adebogun lied to Probation about the incident. Tr. 10:4-8. On this record, the Court was well within its discretion to impose the above-guidelines sentence recommended by Probation. See, e.g. United States v. DiRose, 586 F. App'x 808, 810 (2d Cir. 2014) ("The Guidelines' policy statement presents 'the extent of the breach of trust' as a critical factor in determining the appropriate sentence for a violation of supervised release . . . [and] [w]hen the district court used the extent of [Defendant's] breach of trust as a determinant of his above-Guidelines sentence, it gave effect to that policy statement.") (citations omitted). Indeed, as the Court observed, Adebogun's breach of trust was particularly egregious given that, in the face of a guidelines range of 27 to 33 months imprisonment, the Court imposed an original sentence of time served. United States v. Ramos, 979 F.3d 994, 1003 (2d Cir. 2020) (a "breach of trust reflected in a violation is exacerbated if the defendant received a 'lenient original sentence'") (quoting United States v. Verkhoglyad, 516 F.3d 122, 130 (2d Cir. 2008)).

## CONCLUSION

Adebogun identifies no "substantial question of law or fact" likely to result in a reduced or overturned sentence. 18 U.S.C. § 3143(b)(1)(B). Accordingly, the motion for a stay of surrender is DENIED. Adebogun shall surrender by his assigned date unless the Court of Appeals orders otherwise.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order (or the Judgment at large) would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.

The Clerk of Court shall close Dkts. 885 and 886.

**SO ORDERED.**

Dated: October 8, 2026
New York, New York

Loretta A. Preska

LORETTA A. PRESKA
Senior United States District Judge